IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40120

| | | |
|---|---|---|
| PATRICK O'NEIL, | ) | 2013 Unpublished Opinion No. 759 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: November 20, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Patrick O'Neil appeals from the district court's order summarily dismissing his petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

O'Neil pled guilty to grand theft by possession of stolen property, Idaho Code §§ 18-2403(4), 18-2407(1), and the district court imposed a unified term of seven years with three years determinate. O'Neil filed an Idaho Criminal Rule 35 motion, which the district court denied. O'Neil appealed his sentence and the denial of his Rule 35 motion and this Court affirmed the district court. *State v. O'Neil*, Docket No. 38767 (Ct. App. Apr. 17, 2012) (unpublished).

While his appeal was pending, O'Neil filed a pro se petition for post-conviction relief and a motion for appointment of counsel. After issuing a notice of intent to dismiss, the district court

1

denied O'Neil's motion for appointment of counsel and summarily dismissed his petition. O'Neil timely appeals.

## II.

## ANALYSIS

O'Neil claims: (1) that the district court erred by denying his request for appointment of counsel; and (2) that the district court erred by summarily dismissing his petition for post-conviction relief because his petition and affidavit contained evidence that supported his claims of ineffective assistance of counsel.

### A. Appointment of Counsel

O'Neil claims that the district court erred by denying his motion for appointment of counsel because his petition raised the possibility of a valid claim. If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004). When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Id.*; *Fox v. State*, 129 Idaho 881, 885, 934 P.2d 947, 951 (Ct. App. 1997).

In determining whether to appoint counsel pursuant to I.C. § 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist petitioner. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112. In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. *See id.* at 792-93, 102 P.3d at 1111-12. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.

In the instant case, O'Neil filed a motion and affidavit for appointment of counsel. The district court, in its notice of intent to dismiss, denied O'Neil's motion for appointment of counsel, finding that "O'Neil did not offer any specific facts as to the basis of his motion." In reply to the notice of intent to dismiss, O'Neil stated, "I thought my request for an attorney was complete, hence my need for one. I am not educated in the law and this is my first pro se action." The district court revisited the issue in its order dismissing the petition:

> This Court has once again considered the Petitioner's request and explored the record in this case to determine whether the facts justify the appointment of counsel. After examining the Petitioner's claims, this Court has again determined the Petitioner's claims are frivolous. The Petitioner has simply not raised the possibility of a valid claim.

On appeal, O'Neil claims that the district court erred by focusing on the insufficiencies of his motion for the appointment of counsel rather than focusing on his actual petition. The State argues that the district court's analysis regarding the motion for appointment of counsel "was not in lieu of or to the detriment of" the district court's analysis of whether O'Neil asserted the possibility of a valid claim. We agree. The record demonstrates, as detailed above, that the district court considered the petition and the record and concluded that the facts did not justify the appointment of counsel.

Additionally, O'Neil claims that the district court erred by concluding that he was held to the same standards and rules that every attorney was required to follow. O'Neil relies on *Charboneau* to support his contention that pro se petitioners should not be held to the same standard as attorneys. In *Charboneau*, the Idaho Supreme Court discussed the standard for determining if a pro se petitioner is entitled to counsel in a post-conviction proceeding. The *Charboneau* Court stated, "the trial court should keep in mind the admonition set forth in *Brown* [*v. State*, 135 Idaho 676, 23 P.3d 138 (2001)] about the typical problems with pro se pleadings." *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112. The typical problems discussed in *Brown* include that the "petitions and affidavits filed by a pro se petitioner will often be conclusory and incomplete" and that sufficient facts to state a claim may not be alleged because the petitioner does not know the essential elements of a claim. *Brown*, 135 Idaho at 679, 23 P.3d at 141. Thereafter, the *Charboneau* Court instructed trial courts how to properly consider a request for appointment of counsel, filed by a pro se petitioner, when the petition does not contain sufficient facts to support a claim. First, the trial court is to provide the petitioner with sufficient

information of its ruling in the court's notice of intent to dismiss. Second, the trial court is to allow a meaningful opportunity for the petitioner to supplement the record and renew its request for appointment of counsel. If the petitioner fails to raise the possibility of a valid claim, denial of appointed counsel is appropriate. *Id*. at 793, 102 P.3d at 1112.

In the instant case, the district court followed the appropriate standards and procedures and adequately took into account O'Neil's pro se status when it denied O'Neil's motion for appointment of counsel. While the court mentioned pro se litigants being held to the same standards as attorneys, the court twice indicated that it reviewed the petition for potentially valid claims and found none. The district court properly provided sufficient information to O'Neil in its notice of intent to dismiss and provided O'Neil with the opportunity to respond. O'Neil's response did not contain any new or additional information that would raise the possibility of a valid claim. Instead, the response simply reiterated the claims as they existed in the petition. As a result, O'Neil's petition and response, as will be discussed more fully below, failed to allege facts sufficient to raise the possibility of a valid claim; thus, the denial of appointment of counsel was appropriate.

**B.      Summary Dismissal**

O'Neil claims that the district court erred in summarily dismissing his post-conviction petition because he submitted evidence that supported his claim of ineffective assistance of counsel. A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other

words, the petition must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary

5

dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006).

6

This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

In the instant case, O'Neil's petition claimed that his defense counsel was ineffective because counsel stipulated to restitution without his consent and failed to file a motion to suppress evidence found pursuant to a search of a vehicle. As to the restitution claim, O'Neil's petition stated, "My counsel was ineffective for entering into an agreement/stipulation for restitution without my knowledge or consent." O'Neil attached two exhibits to his petition that purportedly support his assertion. The first exhibit is a partial transcript wherein his defense counsel objected to restitution and the district court scheduled a hearing to discuss restitution. The second exhibit is a single page from a multi-page incident report listing several items that were returned to their owner. O'Neil's response to the district court's notice to dismiss did not add any additional relevant argument. Thereafter, the district court found that O'Neil failed to support this allegation with any specific facts or other admissible evidence.

On appeal, O'Neil claims defense counsel was deficient for stipulating to restitution without his consent and that such deficiency was prejudicial because it resulted in an unlawful restitution award. The State claims that the exhibits submitted by O'Neil do not support his "blanket assertion that his counsel improperly stipulate[d] to restitution." Further, the State claims that O'Neil failed to discuss how the outcome of his case would have been different had his attorney not been allegedly ineffective.

After reviewing the record, it is apparent that O'Neil failed to provide evidence supporting his claim that defense counsel was ineffective for stipulating to restitution without his consent. There is no evidence, beyond O'Neil's bare and conclusory allegations, that his counsel ever stipulated to restitution. O'Neil's exhibit showing that property was returned to its owner does nothing to support a claim that his counsel stipulated to restitution. Similarly, the proffered transcript fails to show any deficient performance by defense counsel. Indeed, the transcript indicates that counsel objected to restitution in accordance with O'Neil's desire. Although the transcript also indicates that a hearing was scheduled to further discuss restitution, O'Neil failed to include the transcript of that hearing or any other facts regarding any restitution award in the record. Therefore, the only evidence in the record supporting a claim that defense counsel was

deficient for stipulating to restitution without consent is O'Neil's own bare allegation. O'Neil's statements are simply allegations unsupported by factual or evidentiary support. Bare or conclusory allegations, unsubstantiated by any fact, are inadequate to entitle a petitioner to an evidentiary hearing. *King v. State*, 114 Idaho 442, 757 P.2d 705 (Ct. App. 1988).

As to the motion to suppress, O'Neil's petition claimed that his counsel was ineffective for failing to file a motion to suppress evidence found during an alleged illegal search. To support his petition, O'Neil submitted, as an exhibit, pages five and six of an incident report wherein the arresting officer provided a narrative of the arrest and search of the vehicle. In the report, the officer stated that O'Neil was driving another person's vehicle and the officer initiated a traffic stop and arrested O'Neil pursuant to an outstanding warrant. O'Neil was transported to the police department for questioning. The officer stated in the report, "I contacted the owner of the vehicle . . . and asked him for consent to search his vehicle. [The owner] advised that he would respond to the location and provide consent to search his vehicle." Thereafter, officers searched the vehicle and discovered stolen property. Following the search, the owner arrived and completed the voluntary consent to search form.

Based on the foregoing, O'Neil argued in his petition that his defense counsel was ineffective for failing to pursue a motion to suppress the evidence found in the vehicle as a result of a search conducted prior to the owner's consent. The district court's notice of intent to dismiss stated that O'Neil did not "attach any documentation to verify these claims, nor did he submit records or other admissible evidence." In response to the district court's notice of intent to dismiss, O'Neil stated that the incident report constitutes admissible evidence to support his claim. The district court found that O'Neil's reply "only offered bare, conclusory and unverified allegations." Additionally, the court found that the incident report failed to provide sufficient support for O'Neil's assertion regarding his counsel's failures.

On appeal, O'Neil argues that the search of the vehicle was illegal because it was conducted prior to receiving consent from the owner. Accordingly, O'Neil claims that defense counsel was deficient for failing to file a motion to suppress the evidence found pursuant to the search. He further asserts that the deficiency was prejudicial because suppression was warranted. The State argues that O'Neil failed to support the deficient performance or prejudice prongs as they relate to his claim.

In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted ineffective assistance. *Lint v. State*, 145 Idaho 472, 477, 180 P.3d 511, 516 (Ct. App. 2008). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court is generally determinative of both prongs of the *Strickland* test. *Lint*, 145 Idaho at 477-78, 180 P.3d at 516-17. The record demonstrates that a motion to suppress, if pursued, would not have been granted by the district court. It can be inferred from the incident report that verbal consent was provided to the officers by the owner during the phone conversation prior to their search of the vehicle. Alternatively, the incident report can be read to indicate that the owner deferred consent until he could arrive and sign the written consent form. Nonetheless, even assuming the owner did not provide consent during the phone conversation, and even assuming that O'Neil had standing to challenge the search of the owner's vehicle, the motion to suppress still would have been futile because the owner's consent after the fact demonstrates that the stolen property would have been inevitably discovered. Pursuant to the inevitable discovery doctrine, the exclusionary rule does not apply when a preponderance of the evidence demonstrates that the information would have inevitably been discovered by lawful methods. *Nix v. Williams*, 467 U.S. 431, 444 (1984); *State v. Bunting*, 142 Idaho 908, 915, 136 P.3d 379, 386 (Ct. App. 2006). Here, the owner's indication that he would consent to the search of the vehicle, the fact that the vehicle was under police supervision, and the owner's eventual written consent demonstrates that the stolen property would have been inevitably discovered even if the officers waited to perform the search until the owner arrived to provide the written consent. Therefore, the record demonstrates that a motion to suppress evidence found pursuant to the search of the vehicle would not have been granted. The single reference in the incident report does not raise a genuine issue of material fact as to deficient performance of counsel or prejudice. O'Neil failed to provide support for both the deficiency and prejudice prongs that are required to establish a claim of ineffective assistance of counsel. Thus, the district court did not err in summarily dismissing this claim.

**III.**

**CONCLUSION**

O'Neil has failed to demonstrate reversible error. Accordingly, the district court's order dismissing his petition for post-conviction relief is affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**