# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 34171

STATE OF IDAHO, )
)
    Plaintiff-Respondent, )
)
v. )
)
SHAMI YAKOVAC, )    **Boise, October 2007 Term**
)
    Defendant-Appellant. )    **2008 Opinion No. 21**
_____ )
SHAMI YAKOVAC, )    **Filed: February 13, 2008**
)
    Petitioner-Appellant, )    **Stephen W. Kenyon, Clerk**
)
v. )
)
  STATE OF IDAHO, )
)
    Respondent. )
)

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. N. Randy Smith, District Judge.

Judgment of conviction and order dismissing petition for post-conviction relief, affirmed.

Stephen A. Meikle, Idaho Falls, argued for appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Ralph R. Blount, Deputy Attorney General argued.

_____

BURDICK, Justice

    Both Appellant Shami L. Yakovac and the State petitioned for review of the Idaho Court of Appeals' decision affirming Yakovac's judgment of conviction for possession of a controlled

substance, and affirming in part, reversing in part and remanding the order summarily dismissing her application for post-conviction relief. We affirm Yakovac's conviction and affirm the district court's order dismissing her petition for post-conviction relief.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant Shami L. Yakovac was convicted of possession of methamphetamine after a jury trial in Bannock County.[1] The charges stemmed from an incident on February 20, 2004, when police officers responded to a report of a physical confrontation. After they arrived, Yakovac waved them down from a pickup truck she was driving. Yakovac had a cut above her forehead and blood on her face. She told the officers that she had gone to Camille Mikelson's home to retrieve her cell phone and that Mikelson hit her with a slotted spoon. The officers checked Yakovac's identity through dispatch and learned that Yakovac had two outstanding warrants for her arrest. They took her into custody, and one officer transported Yakovac to the hospital for treatment. While there, Yakovac's probation officer requested a urinalysis; this test revealed the presence of cocaine, marijuana and methamphetamine. Meanwhile, the other officer remained at the scene and searched Yakovac's truck. In the pocket of Yakovac's coat, located on the front seat, the officer found a cigarette package containing a small spatula and a glass pipe with burnt, white residue. The forensic laboratory subsequently determined the residue in the pipe was methamphetamine. Yakovac was charged with possession of methamphetamine, pursuant to I.C. § 37-2732(c)(1).

Prior to the trial, Yakovac's counsel filed a motion to suppress the results of the urinalysis as to the cocaine and marijuana, but did not object to the mention of methamphetamine. At trial, the district court ruled that the entire urinalysis results were admissible through the testimony of the doctor who administered the test. The parties then stipulated to the admission of the positive results for methamphetamine. Also at trial, the prosecutor questioned both police officers about Yakovac's arrest, and they mentioned the two outstanding arrest warrants. On cross, Yakovac's counsel questioned one officer about the warrants. Additionally, Yakovac's counsel questioned the police officers about the appearance of blood on Yakovac's coat, but did not introduce the coat into evidence. Yakovac's trial

---

[1] After the jury returned its verdict, Yakovac stipulated to being a persistent violator.

counsel also questioned the forensic scientist about not fingerprinting the pipe, but counsel did not seek to have the pipe found in Yakovac's coat fingerprinted.

After her conviction, Yakovac filed an appeal from the judgment challenging the admission of the urinalysis results and asserting that certain comments by the judge regarding the stipulation to the admission of the urinalysis and his drug court duties were prejudicial.

After trial, Yakovac also filed a complaint for post-conviction relief. She asserted that her trial counsel was ineffective for failing to object to the introduction of her outstanding warrants and the urinalysis results, for failing to have the pipe fingerprinted and for failing to introduce the coat found in her truck. The district court filed a notice of intent to dismiss, noting that trial counsel's performance had not fallen below a reasonable standard and Yakovac was not prejudiced by any allegedly deficient conduct. Yakovac responded, and the district court summarily dismissed her petition. Yakovac appealed the dismissal of her petition.

Yakovac's appeals were consolidated. The Court of Appeals affirmed in part, reversed in part and remanded the order summarily dismissing her application for post-conviction relief and affirmed Yakovac's judgment of conviction on direct appeal. *State v. Yakovac*, 2006 WL 3113540 (Ct. App. Nov. 3, 2006). Both Yakovac and the State petitioned for review of that decision; this Court granted those petitions.

## II. STANDARD OF REVIEW

"When considering a case on review from the Court of Appeals, this Court gives serious consideration of the views of the Court of Appeals; however, this Court reviews the trial court's decisions directly." *State v. Coassolo*, 136 Idaho 138, 140, 30 P.3d 293, 295 (2001) (citations omitted).

## III. ANALYSIS

This case presents issues on direct appeal from the criminal proceeding and issues on appeal from the post-conviction relief action. We will address first the issues raised on direct appeal before turning to the issues raised in Yakovac's petition for post-conviction relief.

### A. Direct Appeal

In her direct appeal, Yakovac argues that her conviction should be reversed because the district court committed errors during trial and because her trial counsel provided ineffective assistance during the trial. We will address each in turn.

1. Trial Court Errors

3

Yakovac argues that the district court erred in two different ways; first, that it informed the jurors they could "write down" that the parties stipulated to methamphetamine being found in Yakovac's urinalysis and that it informed the jury of its drug court obligations. These comments, she argues, were prejudicial. Second, Yakovac argues that the trial court erred in allowing the results of the urinalysis to be admitted as they were not relevant evidence. We will turn first to the court's comments and then to the urinalysis.

*a. Comments*

Yakovac argues that the district court's two comments to the jury were fundamental, prejudicial error. The State contends that this Court should refrain from reaching the merits of Yakovac's argument because the comments were not fundamental error and the judge's comments were not prejudicial.

At trial, Yakovac and the State stipulated to methamphetamine being found in Yakovac's urinalysis results. After this stipulation, the judge informed the jury:

> All right. Ladies and gentlemen, you may be seated. I think you'll be happy that I took that little break right then because we went through the objections and/or questions that we might have had, and you may write down that the parties have now stipulated that methamphetamine was found in the urine test that was taken at the hospital.

> The parties have stipulated that methamphetamine was found in defendant's urine test that was taken at the hospital. At that point, we don't need to call Dr. Minister and we'll proceed with other witnesses.

Yakovac did not object to this comment to the jury. Later during trial, the district court dismissed the jury for the day, telling it:

> Ladies and gentlemen, I have at three o'clock a drug court to conduct. First of all, I take—I have a little session for a couple hours to discuss each one of the drug court participants, how they're doing and whether they're doing any good or not, whether we're going in the right direction. And then I have drug court and we'll be here until about 8 or 9 tonight trying to take care of that matter. So I always try to end here so that I can do that and then we can start early in the morning.

Yakovac also did not object to this comment to the jury.

"Remarks or comments by a trial judge which would tend to prejudice either of the parties to a jury trial are proscribed because of the great possibility that such an expression will influence the jurors." *State v. White*, 97 Idaho 708, 711, 551 P.2d 1344, 1347 (1976). Prejudicial remarks are those that constitute a comment on the weight of the evidence. *Id*. at

712, 551 P.2d at 1348. When a party fails to object at trial, that issue is normally waived on appeal. *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). However, the Court will review fundamental errors on appeal. *State v. Lovelace*, 140 Idaho 53, 63, 90 P.3d 278, 288 (2003). Therefore, the Court must first determine if an error is fundamental—whether it "goes to the foundation or basis of a defendant's rights." *Id*. (internal quotations and citations omitted).

Here, Yakovac has failed to show that the comments on the stipulation or the comments about drug court were fundamental error. Neither comment deprived Yakovac of due process of law or violated a fundamental right. Therefore, we hold that Yakovac has failed to show fundamental error and refrain from reaching the substance of her arguments.

### b. Urinalysis

Prior to trial, Yakovac made a motion in limine pursuant to I.R.E. 402, 403 and 404 to suppress the positive urinalysis results for cocaine and marijuana, but not methamphetamine. At trial, the district court incorrectly ruled that all of the results were admissible, and Yakovac stipulated to the positive results for methamphetamine so that the State's witness did not testify to all three substances being found. She now argues that the district court improperly admitted the positive results of her urinalysis test as to the methamphetamine.

This Court "will not review a trial court's alleged error on appeal unless the record discloses an adverse ruling which forms the basis for the assignment of error." *Mallonee v. State*, 139 Idaho 615, 622-23, 84 P.3d 551, 558-59 (2004) (quoting *State v. Fisher*, 123 Idaho 481, 485, 849 P.2d 942, 946 (1993)) (internal quotations omitted). Yakovac never objected to the positive result for methamphetamine being admitted, either in a motion in limine or at trial. She objected only to the positive results for cocaine and marijuana. Although the judge incorrectly denied that motion, she does not raise that issue on appeal. Accordingly, since there is no adverse ruling on the admission of the positive results for methamphetamine, we decline to review this alleged error.

### 2. Ineffective Assistance of Counsel

Although not raised below, Yakovac argues to this Court that she can raise her ineffective assistance of counsel arguments on direct appeal because the right to counsel is a fundamental right; thus ineffective assistance should be reviewed as a fundamental error on direct appeal.

Generally, this Court does not consider issues that are presented for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992) (quoting *Sanchez v.*

*Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991)). An exception to this general rule may be applied when the error is fundamental. *See Lovelace*, 140 Idaho at 63, 90 P.3d at 288.

However, this Court has long recognized that a defendant may raise errors in direct appeal and also may pursue an ineffective assistance of counsel argument in post-conviction proceedings, but once she has elected a remedy, she "must then bear the burden of that choice." *Kraft v. State*, 100 Idaho 671, 674, 603 P.2d 1005, 1008 (1979); *see also Parrott v. State*, 117 Idaho 272, 274, 787 P.2d 258, 260 (1990) ("Although a defendant alleging ineffective assistance of counsel at trial may raise the issue on direct appeal or reserve it for post-conviction proceedings, he may not do both."). However, if a defendant wishes the court to consider evidence outside of the record on direct appeal, she must pursue post-conviction relief. *State v. Carter*, 103 Idaho 917, 923 n.4, 655 P.2d 434, 440 n.4 (1981).

Fundamental error allows the Court to consider issues that it would not otherwise normally consider. However, it cannot serve as an exception to the Court's general rule that the defendant is constrained by her elected remedy. Yakovac raised in her post-conviction petition the same ineffective assistance issues she wishes this Court to consider on direct appeal. Yakovac is not asking to have the Court consider issues it could not otherwise consider, but instead she is asking the Court to consider the same issues twice in contradiction to prior case law. *See Kraft*, 100 Idaho at 674, 603 P.2d at 1008; *Parrott*, 117 Idaho at 274, 787 P.2d at 260. Yakovac chose the method under which she wishes the Court to consider her arguments, and she must now bear the burden of that choice. Therefore, we will consider Yakovac's ineffective assistance of counsel arguments only in the appeal of the denial of her post-conviction relief petition.

### B. Post-conviction Relief

Yakovac filed her original complaint for post-conviction relief on April 12, 2005. In it she complained her counsel was ineffective for failing to have the pipe fingerprinted, failing to object to the urinalysis results at trial, failing to object to the testimony regarding her outstanding warrants, and failing to introduce her coat to show that it did not have blood on it and had been in the possession of Mikelson prior to Yakovac's arrest. She also objected to certain comments the district judge made during her trial.

On April 28, 2005, the district court entered a notice of intent to dismiss; it addressed each of Yakovac's allegations finding that counsel's conduct were all tactical decisions and did

not fall below the reasonable competence of a criminal attorney. In addition, it found that there could be no prejudice to the claimant because none of the allegations "would not have changed the position of the jury." On May 24, 2005, the defendant responded to the notice of intent to dismiss with briefing and additional argument. She specifically indicated that "failure to assert there was not blood on the coat to impeach the credibility the police officers may fall into the category of failure to prepare and constitute ineffective counsel." Then, on June 3, 2005, the court dismissed her petition, indicating that "there is no allegation in the complaint alleging that counsel failed to complete discovery or had inadequately prepared."

Yakovac argues on appeal that the trial court should not have summarily dismissed her petition for post-conviction relief. She asserts that she raised genuine issues of material fact as to whether her counsel provided ineffective assistance by failing to object to the mention that Yakovac was arrested on outstanding warrants, by stipulating to the admission of a positive urinalysis test, by failing to fingerprint the pipe and by failing to admit the coat into evidence. We will address each of these claims in turn.

    1. Applicable Legal Standard

A post-conviction relief petition initiates a civil, rather than criminal, proceeding. *Clark v. State*, 92 Idaho 827, 830, 452 P.2d 54, 57 (1969). Like the plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990). "An application for post-conviction relief differs from a complaint in an ordinary civil action[.]" *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004) (quoting *Goodwin v. State,* 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002)) (internal quotations omitted). The "application must contain much more than 'a short and plain statement of the claim' that would suffice for a complaint under I.R.C.P. 8(a)(1)." *Goodwin,* 138 Idaho at 271, 61 P.3d at 628. The application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal. I.C. § 19-4903.

Idaho Code § 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the trial court's own initiative. Summary dismissal of an application is the procedural equivalent of summary judgment under I.R.C.P. 56. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant

to the relief requested. A material fact has "some logical connection with the consequential facts[,]" *Black's Law Dictionary,* 991 (7th Ed. 1999), and therefore is determined by its relationship to the legal theories presented by the parties. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State*, 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct. App. 1991). However, summary dismissal may be appropriate even where the State does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

On review of a dismissal of a post-conviction relief application without an evidentiary hearing, the Court must determine whether a genuine issue of fact exists based on the pleadings, depositions and admissions together with any affidavits on file. *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). "[W]here the evidentiary facts are not disputed and the trial court rather than a jury will be the trier of fact, summary judgment is appropriate, despite the possibility of conflicting inferences because the court alone will be responsible for resolving the conflict between those inferences." *Riverside Dev. Co. v. Ritchie,* 103 Idaho 515, 519, 650 P.2d 657, 661 (1982). "When an action is to be tried before the court without a jury, the judge is not constrained to draw inferences in favor of the party opposing a motion for summary judgment but rather the trial judge is free to arrive at the most probable inferences to be drawn from uncontroverted evidentiary facts." *Loomis v. City of Hailey,* 119 Idaho 434, 437, 807 P.2d 1272, 1275 (1991).

Claims for ineffective assistance of counsel are reviewed utilizing the two-prong test set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). *Mitchell v. State*, 132 Idaho 274, 277, 971 P.2d 727, 730 (1998). To prevail on such a claim, the applicant for post-conviction relief must demonstrate (1) counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result would have been different. *Strickland*, 466 U.S. at 687-88, 692; *Mitchell*, 132 Idaho at 277, 971 P.2d at 730. When evaluating an ineffective assistance of counsel claim, this Court does not second-guess strategic and tactical decisions, and such decisions cannot serve as a basis for post-conviction relief unless the decision is shown to have resulted from inadequate preparation, ignorance of the relevant law or other shortcomings capable of objective review. *Pratt v. State*, 134 Idaho 581, 584, 6 P.3d 831, 834 (2000). "There is a strong presumption that counsel's performance fell

within the wide range of professional assistance." *State v. Hairston*, 133 Idaho 496, 511, 988 P.2d 1170, 1185 (1999) (quoting *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988)) (internal quotations omitted).

2. Warrants

Yakovac argues that her counsel was ineffective for both failing to object to testimony that she was arrested on outstanding warrants and for mentioning these warrants in his questioning. She contends that her trial counsel had a duty to object to any mention of the outstanding warrants as they were inadmissible under I.R.E. 404(b). The State maintains that the jury was entitled to the whole story surrounding Yakovac's arrest under the res gestae rule.

Prior to trial, Yakovac's counsel made a motion in limine seeking exclusion of "the evidence of other crimes, wrongs, prior offenses as it is not relevant or if it is relevant is misleading and of unfair prejudice to [Yakovac]." At trial there were three references to the existence of Yakovac's outstanding warrants. First, the arresting officers testified that according to their normal procedures, they discovered Yakovac had outstanding warrants. Second, during direct questioning the prosecutor twice mentioned Yakovac's warrants. Finally, Yakovac's counsel mentioned the warrants while cross-examining the officer who transported Yakovac to the hospital.

When dismissing Yakovac's petition for post-conviction relief, the district court found that because trial counsel had made a motion in limine and because the jury heard only evidence that Yakovac had outstanding warrants, not evidence of the underlying crimes, counsel's conduct did not fall below the standard of reasonableness. On appeal, the Idaho Court of Appeals held that "references to the unrelated warrants for Yakovac's arrest were inadmissible" as they were not relevant under I.R.E. 404(b). *Yakovac*, 2006 WL 3113540 at *8. It then determined that counsel's conduct fell below a reasonable standard because he should have known that the arrest warrants were unrelated to the charged offenses, and thus inadmissible under I.R.E. 404(b), and made an objection. *Id.*

"Effective legal representation does not require that an attorney object to admissible evidence." *State v. Aspeytia*, 130 Idaho 12, 15, 936 P.2d 210, 213 (Ct. App. 1997). Thus, in order to determine if counsel's failure to object fell below a reasonable standard, this Court must first determine whether the mention of the existence of Yakovac's arrest warrants was admissible.

9

Idaho Rule of Evidence 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that the prosecution in a criminal case shall file and serve notice reasonably in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

While evidence of other crimes, wrongs, or acts is not permitted to prove a criminal propensity, *State v. Needs*, 99 Idaho 883, 892, 591 P.2d 130, 139 (1979), it may admissible for other purposes not prohibited by rule 404(b), *State v. Pizzuto,* 119 Idaho 742, 750-51, 810 P.2d 680, 688-89 (1991). To be admissible, the evidence must be relevant to a material and disputed issue concerning the crime charged. *State v. Field*, 144 Idaho 559, __, 165 P.3d 273, 283 (2007). Whether the evidence is relevant is a matter of law and is subject to free review. *Id*. (citing *State v. Labelle,* 126 Idaho 564, 567, 887 P.2d 1071, 1074 (1995)). However, even if the evidence is relevant and admitted for a permissible purpose, the probative value of the evidence must still outweigh its prejudicial effect. *See Hairston*, 133 Idaho at 501, 988 P.2d at 1175; *see also State v. Moore*, 120 Idaho 743, 745, 819 P.2d 1143, 1145 (1991).

We begin by noting that the mention of the warrants did not include any discussion whatsoever of the underlying crimes. Moreover, the warrant testimony was not offered to prove Yakovac's criminal character or that by possessing the methamphetamine she was acting in conformity with her criminal character. Nor was the warrant testimony offered to prove Yakovac's propensity to possess methamphetamine. Therefore, they do not fall under the exclusionary purview of I.R.E. 404(b).

The next step in the analysis, then, is to determine whether the warrants were relevant to a material and disputed issue. *Hairston*, 133 Idaho at 501, 988 P.2d at 1175. "'Relevant Evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." I.R.E. 401.

The warrants were relevant evidence inasmuch as they were of consequence to the search and subsequent discovery of the pipe underlying Yakovac's charge of possession of methamphetamine. That is to say, the warrants were not relevant to the possession of methamphetamine charge itself, but rather to explain the police officers' actions. The pipe was

10

found during a search incident to arrest. However, Yakovac was not initially a suspect; instead, she approached the police officers as a complaining witness. Yakovac's arrest due to the outstanding warrants explains why the search incident to arrest leading to the discovery of the methamphetamine was conducted. The jury never heard the underlying charges relating to the outstanding warrants.[2] Therefore, we hold that failing to object to the warrants does not show ineffective assistance of counsel.

### 3. Urinalysis

Yakovac argues that her counsel's performance was ineffective in relation to the admission of the urinalysis results for two reasons. First, she argues that extracting bodily fluids for testing is a search for Fourth Amendment purposes and that her counsel should have objected to the search as being unreasonable because it was conducted without a warrant. Second, she argues that her counsel should have objected to the lack of scientific foundation for the expert's opinion in order to make the State show the urinalysis's relevance to the possession charge. We will turn to her unreasonable search arguments first.

Yakovac did not raise her unreasonable search arguments before the district court in the post-conviction proceeding. "The longstanding rule of this Court is that we will not consider issues that are presented for the first time on appeal." *Fodge*, 121 Idaho at 195, 824 P.2d at 126 (quoting *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991)). Therefore, we will not address Yakovac's unreasonable search argument.

We turn now to Yakovac's argument that her counsel should have objected to the admission of the urinalysis results in order to make the State prove their relevance. Prior to trial, Yakovac's counsel made a motion in limine to exclude the urinalysis results for other controlled substances, but did not seek to exclude the result of the positive test for methamphetamine. Then, prior to the jury hearing evidence, the trial court took up the motion in limine. The court incorrectly ruled that the urinalysis results as to the cocaine and marijuana were admissible if the state called the chemist who performed the urinalysis. As an alternative, the district court suggested that the parties stipulate to the results of the urinalysis as to the methamphetamine and avoid mention of the cocaine and marijuana. Yakovac's counsel later did so.

---

[2] While the jury instructions do not appear in the record, we note that in instances such as those before us the preferred procedure is for the judge to give the jury an instruction explaining the limited relevance of the warrants.

Although the determination that the positive cocaine and marijuana results were admissible was incorrect, the positive urinalysis result for methamphetamine was relevant and admissible evidence. The State had the burden of proving that Yakovac knowingly possessed methamphetamine. *See* I.C. § 37-2732(c)(1); ICJI 403. Possession of methamphetamine is a general intent crime. *State v. Blake*, 133 Idaho 237, 240-42, 985 P.2d 117, 120-22 (1999); *State v. Lamphere*, 130 Idaho 630, 632-33, 945 P.2d 1, 3-4 (1997). Evidence tending to prove that Yakovac knew the substance in the pipe was methamphetamine is relevant and admissible evidence, *see* I.R.E. 401, and the evidence that Yakovac had methamphetamine in her system makes it more probable that Yakovac knew the substance in the pipe was methamphetamine.[3] We hold that Yakovac's trial counsel was not ineffective for stipulating to the urinalysis results.

### 4. Fingerprinting the Pipe

Yakovac also argues that her trial counsel had a duty to have the pipe fingerprinted. She asserts that since she was charged with possession because the pipe contained methamphetamine residue, counsel should have had the pipe fingerprinted to bolster the testimony that Yakovac did not own the pipe and to allow the jury to more fully explore exculpatory evidence. Counsel's failure to have the pipe fingerprinted, she contends, shows a lack of investigation and preparation.

However, counsel's decision here was tactical, and Yakovac has failed to show this decision was based on such shortcomings that she would be entitled to post-conviction relief. Fingerprinting the pipe would not have helped Yakovac's defense; it would have been inconclusive at best, or shown that she had touched the pipe at worst. Moreover, counsel's decision to question the State's witnesses about the lack of fingerprinting, rather than having the pipe fingerprinted, was tactical and does not show inadequate preparation, ignorance of the relevant law or other shortcomings. *See Pratt*, 134 Idaho at 584, 6 P.3d at 834. Therefore, we hold that Yakovac's trial counsel was not ineffective for failing to have the pipe fingerprinted.

### 5. Coat

Yakovac also contends that her counsel erred by failing to introduce the coat into evidence. She argues this was ineffective assistance of counsel because the lack of blood on the coat would have bolstered her defense that she had just retrieved her coat from her assailant's

---

[3] Yakovac argues that to be relevant the urinalysis would have to prove that Yakovac possessed methamphetamine on the date in question, but that is not the correct legal standard applicable to relevant evidence. *See* I.R.E. 401.

home and did not know it contained a pipe. When the district court gave Yakovac notice that it intended to dismiss this claim as a tactical decision, Yakovac responded with additional briefing. She argued that the coat could have been used to impeach the testimony of the police officers. She asserted that failing to introduce the coat as impeachment evidence "may fall into the category of failure to prepare and constitutes ineffective assistance of counsel."

The decision to impeach a witness is a tactical decision. *State v. McKenney*, 101 Idaho 149, 152, 609 P.2d 1140, 1143 (1980); *see also State v. Fee*, 124 Idaho 170, 174, 857 P.2d 649, 653 (Ct. App. 1993). Likewise, the decision of what evidence should be introduced at trial is also tactical. *Bagshaw v. State,* 142 Idaho 34, 38, 121 P.3d 965, 969 (Ct. App. 2005). When faced with a tactical decision, this Court utilizes the "strong presumption" that the decision fell within the acceptable range of choices available to trial counsel. *Hairston*, 133 Idaho at 511, 988 P.2d at 1185.

The trial court's notice of intent to dismiss clearly stated that the court considered the issue of the failure to introduce the coat into evidence "to be a tactical or strategic decision of counsel." The record provides a substantial basis to support this inference drawn by the trial court. Having been placed on notice of the court's intention to dismiss this claim for this reason, Yakovac did not respond to the notice with admissible evidence. She did not attempt to demonstrate the condition of the coat at the time of trial. She did not attempt to explain how introduction of the coat would impeach the officer's testimony. She did not attempt to explain how the failure to impeach the officer in this fashion may have affected the outcome of the trial. She did not offer evidence, whether from trial counsel or from any other source, susceptible of an inference that trial counsel's decision resulted from a lack of preparation. She did not direct the trial court to evidence in the record that would support an inference that trial counsel's decision was not "tactical or strategic." Rather, she simply responded with the suggestion that trial counsel's conduct "may fall into the category of failure to prepare." Given the absence of a meaningful response to the trial court's notice of intent to dismiss, we conclude that Yakovac has not demonstrated the existence of a genuine issue of material fact as to whether trial counsel's conduct fell below an objectively reasonable standard.

## IV. CONCLUSION

We affirm Yakovac's conviction on direct appeal and affirm the district court's dismissal of her petition for post-conviction relief.

As to the direct appeal, the comments by the district court were not fundamental error and there is no adverse ruling from which this Court can review the admission of the urinalysis. Additionally, Yakovac cannot raise her ineffective assistance of counsel claims in her direct appeal.

As to the post-conviction relief petition, the warrants were admissible for the limited purpose of explaining Yakovac's arrest and subsequent search of her truck. The urinalysis results as to the methamphetamine were admissible, and Yakovac's trial counsel made tactical decisions to not introduce her coat or have the pipe fingerprinted. Therefore, Yakovac did not receive ineffective assistance of counsel entitling her to post-conviction relief.

Chief Justice EISMANN and Justices J. JONES, W. JONES and HORTON, **CONCUR.**