# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 40527

| | | |
|---|---|---|
| DANIEL CHIPPEWA, | ) | 2014 Opinion No. 62 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: August 13, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Daniel Chippewa appeals from the judgment of the district court summarily dismissing his petition for post-conviction relief. The issue raised on appeal is whether the district court erred when it summarily dismissed Chippewa's post-conviction claim that he received ineffective assistance of counsel because he was represented by conflicted counsel. For the reasons that follow, we affirm.

## I.

## FACTS AND PROCEDURE

Underlying this post-conviction action is Chippewa's conviction for felony driving under the influence and subsequent probation violations. Chippewa was charged with felony driving under the influence and an attorney (a former prosecutor) was appointed to represent him. Less than a week later, the former prosecutor moved to withdraw because she had previously prosecuted Chippewa and noted that Chippewa's conviction for which she served as the

1

prosecutor may have been used in the pending charge as an enhancement. After the court granted the former prosecutor's motion to withdraw, Chippewa was appointed new counsel and pleaded guilty to felony driving under the influence. The court imposed a unified sentence of nine years, with six years determinate, but suspended the sentence and placed Chippewa on probation for five years. Chippewa violated his probation, admitted to the violation, and the court revoked probation, executed his sentence, and retained jurisdiction.

At a review hearing on Chippewa's retained jurisdiction, the former prosecutor was again appointed to represent Chippewa, which she did. Subsequently, the court granted Chippewa probation for a second time. Chippewa again violated his probation, admitted to the violation, and was represented by the former prosecutor at the probation revocation hearing. The court decided to revoke probation and executed Chippewa's original sentence. A week after the court revoked Chippewa's probation, the former prosecutor filed an Idaho Criminal Rule 35 motion for relief from the sentence. After considering the motion, the district court denied the Rule 35 motion[1] and entered an amended judgment.

Approximately a year after the court denied Chippewa's Rule 35 motion, he filed a pro se petition for post-conviction relief alleging three claims of ineffective assistance of counsel, including with the petition an affidavit with factual support. Relevant to this appeal, one claim in the petition alleged, "Presumptive prejudice: counsel was previous prosecutor in my case, she was asked to withdraw, did so, but th[e]n assigned again at the sentencing stage, creating gross conflict of interest, against objection." The State filed a motion for summary dismissal, and at a hearing on that motion, the court determined that the State's motion was not timely filed. Subsequently, the court granted Chippewa's petition for post-conviction relief in part,[2] but summarily dismissed Chippewa's two remaining claims, including the claim that he received ineffective assistance of counsel because he was represented by conflicted counsel. Chippewa appeals.

---

[1] Although the Idaho Criminal Rule 35 motion was not included in the record on appeal, the motion was, presumably, seeking a reduction in sentence. I.C.R. 35(b).

[2] The district court granted relief on Chippewa's claim that defense counsel failed to file an appeal of Chippewa's amended judgment and the denial of the Rule 35 motion.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at

483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at

4

923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997). We also note that an appellate court may affirm a lower court's decision on a legal theory different from the one applied by that court. *In re Estate of Bagley*, 117 Idaho 1091, 1093, 793 P.2d 1263, 1265 (Ct. App. 1990).

## III.

## ANALYSIS

The sole issue raised by Chippewa on appeal is whether the district court erred when it summarily dismissed his post-conviction claim that he received ineffective assistance of counsel because he was represented by conflicted counsel. A petition for post-conviction relief may raise the issue of conflicted counsel under a claim of ineffective assistance of counsel. *E.g., Nevarez v. State*, 145 Idaho 878, 885, 187 P.3d 1253, 1260 (Ct. App. 2008) (analyzing a claim of ineffective assistance of counsel that alleged a conflict of interest due to multiple representations of the defendant by defense counsel). Generally, to prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007).

Although the *Strickland* rule applies to ineffective assistance of counsel claims alleging conflicted counsel, "[t]here is an exception to this general rule," according to the United States Supreme Court:

> We have spared the defendant the need of showing probable effect upon the outcome, and have simply presumed such effect, where assistance of counsel has been denied entirely or during a critical stage of the proceeding. When that has occurred, the likelihood that the verdict is unreliable is so high that a case-by-case inquiry is unnecessary. But only in "circumstances of that magnitude" do we forgo individual inquiry into whether counsel's inadequate performance undermined the reliability of the verdict.
>
> We have held in several cases that "circumstances of that magnitude" may also arise when the defendant's attorney actively represented conflicting interests.

*Mickens v. Taylor*, 535 U.S. 162, 166 (2002) (citations omitted). The cases giving rise to "circumstances of that magnitude" identified by the Court in *Mickens* were *Holloway v. Arkansas*, 435 U.S. 475 (1978), *Cuyler v. Sullivan*, 446 U.S. 335 (1980), and *Wood v. Georgia*, 450 U.S. 261 (1981). In *Holloway*, the Court created an exception to *Strickland* where the trial

5

court improperly required joint representation over timely objection. *Holloway*, 435 U.S. at 488; *Mickens*, 535 U.S. at 167-68. In *Sullivan*, the Court clarified that if a trial court knows or reasonably should know that a conflict of interest exists, the court has a duty to inquire into the conflict. *Sullivan*, 446 U.S. at 347; *Mickens*, 535 U.S. at 168. Additionally, *Sullivan* set forth a standard for defendants who claimed they were improperly subject to joint representation, but did *not* object at trial, creating another exception to *Strickland*. *Sullivan* at 348-49; *Mickens*, 535 U.S. at 168-69. In *Wood*, a case with jointly-represented defendants, the Court remanded the case for the court to apply the *Sullivan* standard. *Wood*, 450 U.S. at 272-74; *Mickens*, 535 U.S. at 169-72.

In creating the exceptions, both *Holloway* and *Sullivan* "stressed the high probability of prejudice arising from multiple concurrent representation, and the difficulty of proving that prejudice." *Mickens*, 535 U.S. at 175. Thus, the purpose behind the *Holloway* and *Sullivan* exceptions "is not to enforce the Canons of Legal Ethics, but to apply needed prophylaxis in situations where *Strickland* itself is evidently inadequate to assure vindication of the defendant's Sixth Amendment right to counsel." *Mickens*, 535 U.S. at 176. The United States Supreme Court has thus far declined to determine whether the *Sullivan* (or *Holloway*) exception applies to cases of *successive* representation. *Mickens*, 535 U.S. at 176; *Houston v. Schomig*, 533 F.3d 1076, 1081 (9th Cir. 2008) ("The Supreme Court, however, has left open the question whether conflicts in successive representation that affect an attorney's performance require a showing of prejudice for reversal."). This case involves a situation where the former prosecutor may have had an obligation to her former client, the State, and then had assumed duties to her new client, Chippewa. Accordingly, this case involves an issue related to successive representation, rather than joint representation. *See Hovey v. Ayers*, 458 F.3d 892, 908 (9th Cir. 2006) ("'In successive representation, conflicts of interest may arise if the cases are substantially related or if the attorney reveals privileged communications of the former client or otherwise divides his loyalties.'" (quoting *Mannhalt v. Reed*, 847 F.2d 576, 580 (9th Cir. 1988)). Therefore, it is not settled whether the *Holloway* or *Sullivan* exceptions apply to Chippewa's case.[3]

---

[3] The Kansas Supreme Court has referred to this situation as involving the "*Mickens* reservation" because in a situation "where a 'conflict is rooted in counsel's obligations to *former* clients,'" the United States Supreme Court has "reserved for another case consideration of a test to be applied to determine if a defendant is entitled to relief." *State v. Galaviz*, 291 P.3d 62, 72

6

We begin our analysis with a fact raised in Chippewa's post-conviction affidavit, but unaddressed by Chippewa's counsel, the State, and the district court. In his affidavit, Chippewa avers that he objected to the appointment of the former prosecutor, although it is unclear whether he is referring to his objection during his felony driving under the influence trial or whether he objected during his probation revocation hearing.[4] Assuming that Chippewa did object at the probation revocation hearing, we are not persuaded that the *Holloway* exception would apply, given the Supreme Court's statements in *Mickens*, which explained that the exception grew out of the high probability of prejudice in joint representation and the difficulty of proving prejudice in joint representation cases. We need not decide whether the *Sullivan* exception applies to this case, however, because we begin and end our analysis by determining whether Chippewa has established deficient performance.[5]

_____

(Kan. 2012) (quoting *Mickens v. Taylor*, 535 U.S. 162, 174 (2002)). That court has differentiated cases involving the *Mickens* reservation from those involving either the *Holloway* or *Sullivan* exception. *See Galaviz*, 291 P.3d at 70-74.

[4]     In his affidavit of facts, Chippewa raises several points and asserts facts related to the claim of conflicted counsel:

> That I was previously punished by probation and parole for an incident of drinking while on probation in 2010, a full year before the new violation. That I provided counsel with an alternative treatment plan, asked to be allowed to enter treatment, and was denied. That I objected to [the former prosecutor] being my counsel due to a gross conflict of interests [sic], her refusal to work with me, or raise any of my issues at sentencing. She was previously a prosecutor in my case, and prosecuted me for felony eluding, which was used against me in the new charges for misdemeanor eluiding [sic] allegattions [sic] in the probation violation on this new charge and sentence, which is very prejudicial to my best interests and due processes. That I asked her to file an appeal which she refused to do, and so I was denied my right to raise the issue of excessive sentence, (9 years was imposed for a misdemeanor probation violation allegation. That my right to fair due processes, equal protection of law, and effective assistance of counsel has been violated, and that due to these violations, I did not make a knowing and willing, and informed plea of guilty.
>
>         I assert that I objected at trial to the appointment of the conflicted counsel.

[5]     Under the *Cuyler v. Sullivan*, 446 U.S. 335 (1980), exception, the petitioner must establish deficient performance, but need not establish prejudice. *Id*. at 348-50.

In order to establish deficient performance, Chippewa "must establish that an actual conflict of interest adversely affected his lawyer's performance." *Sullivan*, 446 U.S. at 350; *accord Mickens*, 535 U.S. at 173-74; *United States v. Dehlinger*, 740 F.3d 315, 322 (4th Cir. 2014); *Nevarez*, 145 Idaho at 885, 187 P.3d at 1260. An actual conflict requires a showing that defense counsel "actively represented conflicting interests." *Sullivan*, 446 U.S. at 350. The second element, an adverse effect, has been summarized by the Fourth Circuit and by the United States District Court for the District of Idaho in a three-prong test:

> First, the [defendant] must identify a plausible alternative defense strategy or tactic that his defense counsel might have pursued. Second, the [defendant] must show that the alternative strategy or tactic was objectively reasonable under the facts of the case known to the attorney at the time of the attorney's tactical decision. . . . Finally, the [defendant] must establish that the defense counsel's failure to pursue that strategy or tactic was linked to the actual conflict.

*Dehlinger*, 740 F.3d at 322 (alterations in original) (quoting *Mickens v. Taylor*, 240 F.3d 348, 361 (4th Cir. 2001) (en banc); *accord United States v. Swisher*, 790 F. Supp. 2d 1215, 1229-31 (D. Idaho 2011); *see also Hovey*, 458 F.3d at 908.[6]

The second element of deficient performance, the adverse effect component, is determinative of this issue. Chippewa's brief does not identify a plausible alternative defense strategy or tactic that the former prosecutor might have used at the probation revocation hearing or in the Rule 35 motion. Rather, Chippewa's brief focuses on whether a conflict existed and whether the conflict persisted. Stated differently, Chippewa has argued that there was an actual conflict, but he has not articulated how he was adversely affected. Therefore, Chippewa has not sustained his burden. For this reason, the district court did not err when it summarily dismissed Chippewa's post-conviction claim that he received ineffective assistance of counsel because he was represented by conflicted counsel. The judgment summarily dismissing Chippewa's petition for post-conviction relief is therefore affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**

---

[6] The Ninth Circuit analyzed the two deficient performance elements concurrently in *Hovey v. Ayers*, 458 F.3d 892, 908 (9th Cir. 2006), while the Fourth Circuit analyzed the two elements separately in *United States v. Dehlinger*, 740 F.3d 315, 322-23 (4th Cir. 2014). Nevertheless, as the Fourth Circuit recognized, "The requirements for establishing an actual conflict and an adverse effect on the lawyer's performance 'are often intertwined, making the factual analyses of them overlap.'" *Id.* (quoting *United States v. Tatum*, 943 F.2d 370, 375 (4th Cir. 1991)).