**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42856**

| | | |
|---|---|---|
| **MELVIN ARTHUR McCABE,** | ) | **2016 Unpublished Opinion No. 373** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: February 4, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Dennis Benjamin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Melvin Arthur McCabe appeals from the district court's order summarily dismissing his petition for post-conviction relief. For the reasons set forth below, we affirm the decision of the district court.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

McCabe was charged with three misdemeanor offenses, as well as possession of a controlled substance, a felony in violation of Idaho Code § 37-2732(c)(1). The State later charged McCabe with a persistent violator enhancement for a previous conviction for possession of drug paraphernalia. McCabe was appointed the Jerome County Public Defender as counsel and he entered a plea of not guilty. Upon McCabe's request, counsel filed a motion to withdraw which was denied by the district court. Counsel filed a second motion to withdraw and the

1

motion was granted after the court conducted an inquiry and determined that McCabe had made a free and voluntary decision to represent himself.

McCabe filed a pro se motion to suppress based upon the Fourth Amendment. A hearing was held on the motion, and the motion was denied. McCabe then entered a guilty plea to an amended charge of felony possession of a controlled substance and the persistent violator enhancement. McCabe was sentenced to a unified term of fourteen years with six years determinate. McCabe filed an appeal, a motion to withdraw his guilty plea, and a motion for a retroactive competency hearing. The district court denied both motions and on appeal this Court affirmed the decision of the district court.[1]

McCabe filed a pro se petition for post-conviction relief asking the district court to vacate his judgment of conviction and appoint counsel to represent him during further proceedings in the criminal case and the post-conviction proceedings.[2] The petition alleged that McCabe's guilty plea and waiver of his right to counsel were invalid because the Jerome County Public Defender had a fixed-fee contract with Jerome County that created a conflict of interest of which he had been unaware. The district court found McCabe's post-conviction claims to be frivolous and denied the motion for appointment of post-conviction counsel. After providing notice, the court summarily dismissed McCabe's petition. McCabe timely appealed.

## II.

## ANALYSIS

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*,

---

[1] *State v. McCabe*, Docket No. 41357 (Ct. App. Oct. 30, 2014) (unpublished).

[2] In his post-conviction relief petition, McCabe filed a "Request for Appointment of Fourth Amendment Expert" that the district court treated as a motion for appointment of counsel.

146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*,

143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart*, 118 Idaho at 934, 801 P.2d at 1285; *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

McCabe argues on appeal that the district court erred by denying his motion for appointment of post-conviction relief counsel. We disagree. McCabe failed to allege sufficient facts that there was an actual conflict of interest and prejudice sufficient to support a conflict of counsel claim. If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition, in the trial court, and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau*, 140 Idaho at 792, 102 P.3d at 1111. When a district court is presented with a request for appointed counsel, the

court must address this request before ruling on the substantive issues in the case. *Id.*; *Grant v. State*, 156 Idaho 598, 603, 329 P.3d 380, 385 (Ct. App. 2014). The district court abuses its discretion where it fails to determine whether a petitioner for post-conviction relief is entitled to court-appointed counsel before denying the petition on the merits. *See Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.

In determining whether to appoint counsel pursuant to I.C. § 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist petitioner. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112. In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. *See id.* at 792-93, 102 P.3d at 1111-12. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.

McCabe argues on appeal that the fixed-rate contract between Jerome County and the Jerome County Public Defender constituted an actual conflict of interest sufficient to warrant the appointment of counsel for his post-conviction relief petition. "In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). An actual conflict requires the defendant to show first that his counsel actively represented conflicting interests and second, that the conflict had an adverse effect. *Cuyler*, 446 U.S. at 350; *Chippewa v. State*, 156 Idaho 915, 921, 332 P.3d 827, 833 (2014). McCabe asserts that a fixed-rate contract in and of itself creates a conflict of interest that does not require showing an adverse effect.

The public defender contract in Jerome was a valid and enforceable agreement that was not in violation of any legislative provision while McCabe was represented. The Jerome County Public Defender was appointed to represent McCabe on January 31, 2013, and on March 4, 2013, the district court granted his request to represent himself. In 2014, the legislature amended

5

I.C. § 19-859(4) to provide that a public defender contract "shall not include any pricing structure that charges or pays a single fixed fee for the services and expenses of the attorney." The provision specified that the amendment was not retroactive, "provisions of this subsection shall apply to all contracts entered into or renewed on or after the effective date of this act." I.C. § 19-859(4). Thus, the Jerome County Public Defender contract was not in violation of I.C. § 19-859(4) while McCabe was represented.

Further, there is no case law holding that a fixed-rate contract creates an actual conflict of interest. *See Mickens v. Taylor*, 535 U.S. 162, 171 (2002) (Actual conflict is defined by its effect on counsel, not by whether there is a "mere theoretical division of loyalties."); *People v. Doolin*, 198 P.3d 11, 32-33, 36 (Cal. 2009) (no financial conflict of interest arose from counsel's lump-sum compensation agreement in capital representation case); *Dunlap v. State*, 141 Idaho 50, 62, 106 P.3d 376, 388 (2004) ("The possibility of conflict is insufficient to impugn a criminal conviction."). Almost any representation arrangement could theoretically give rise to a conflict, which is precisely why a showing of prejudice is required. McCabe's argument that a "theoretical or possible conflict of interest is enough" to require appointment of post-conviction counsel is incorrect.

McCabe failed to allege specific facts showing that his counsel actively represented conflicting interests that adversely affected the outcome of his case. The United States Supreme Court has clarified that the proper "inquiry into actual conflict [does not require] something separate and apart from adverse effect. An 'actual conflict,' for Sixth Amendment purposes, is a conflict of interest that adversely affects counsel's performance." *Mickens*, 535 U.S. at 172, fn.5. Thus, even if McCabe had provided some evidence that there was an actual conflict of interest due to the fixed-rate contract, he must also allege facts that he was prejudiced because his counsel failed to properly represent him. McCabe's assertion that raising a theoretical conflict is enough to warrant counsel to search for facts which might show some prejudice misses the mark.

"[A] defendant must establish that an actual conflict of interest adversely affected his lawyer's performance." *Sullivan*, 446 U.S. at 350. To establish an adverse effect, the petition must: (1) identify a plausible alternative defense strategy or tactic; (2) show that the alternative strategy or tactic was objectively reasonable; and (3) show that defense counsel's failure to pursue that strategy or tactic was linked to the actual conflict. *Chippewa*, 156 Idaho at 919-22,

6

332 P.3d at 831-34. McCabe failed to allege facts supporting the claim that the fixed-rate contract caused a conflict of interest that resulted in deficient performance. First, no facts were presented that counsel--prior to her withdrawal at McCabe's request--failed to properly represent him. Rather, during the hearing on his counsel's motion to withdraw, he stated that his counsel did an "outstanding job" and that his decision to represent himself was "no reflection on her." Second, while McCabe asserted that counsel declined to pursue a Fourth Amendment motion to suppress, he made no showing that any such decision constituted deficient performance. McCabe brought a suppression motion pro se which was denied. He has provided no facts or legal arguments as to how he would have succeeded on the motion if he had conflict-free counsel or how he was deficient in the presentation of facts and law because of the lack of counsel. McCabe provides no evidence that the district court could have found an actual conflict of interest because he does not allege any specific inadequacy by his trial counsel in his case. He further asks us to speculate that the district court would have found it necessary to appoint substitute counsel based on the fixed-rate contract. *See Lint v. State*, 145 Idaho 472, 477, 180 P.3d 511, 516 (Ct. App. 2008) (petitioner bears the burden to prove that a motion for substitute counsel would have been granted based on counsel's financial conflict of interest). McCabe has failed to allege facts that his counsel acted under an actual conflict of interest and that he was adversely affected by a conflict of interest.

## III.

## CONCLUSION

McCabe failed to allege facts to show the existence of an actual conflict of interest or prejudice arising from a financial conflict of interest. Thus, the district court properly denied McCabe's request for appointment of post-conviction counsel and granted summary dismissal of the petition. Accordingly, the order of the district court is affirmed.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.

7