794 P.2d 1155

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Stephen Ralph WEBB, Defendant–Respondent.**

No. 18139.

Court of Appeals of Idaho.

July 6, 1990.

**100**

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-appellant. Myrna A.I. Stahman argued.

Rettig, Rosenberry, Lovan & Morfitt, Caldwell, for defendant-respondent. Gregg E. Lovan argued.

BAIL, Judge, Pro Tem.

The state appeals from an order of the district court suppressing all evidence obtained after the arrest of Stephen Webb for driving under the influence. Because we conclude that the officer had probable cause to arrest Webb for driving under the influence at the time Webb was taken into custody, we reverse the order of the district court and remand the case for further proceedings.

At approximately 2:50 a.m. on the morning of December 29, 1988, Deputy Wayne Fuchs of the Canyon County Sheriff's Department was dispatched to a location along State Highway 55 in Canyon County to investigate "a possible DUI driver." Arriving on the scene, Fuchs saw a white pickup truck parked on a canal bank about twenty feet off the road without its head-

lights on and with the engine running. Stephen Ralph Webb was sitting behind the wheel with his head on his chest. Another officer arrived and both officers approached the truck. Deputy Fuchs knocked on the driver's window in an attempt to awaken Webb. Receiving no response, he continued knocking, while the second officer knocked on the other window. The officers received no response to their knocking. Deputy Fuchs yelled into the open wing window but again received no response. He then reached into the wing window and opened the door. He turned the engine off, noting that the heater had been running with the engine on, and, finally, succeeded in awaking Webb, who looked at the officer "as if he didn't know I was there."

Deputy Fuchs then asked Webb for some identification. Webb produced a quarter. Fuchs repeated his request for identification. Webb again produced a quarter. Fuchs then asked Webb to step out of the pickup. Webb complied and leaned against the pickup. Fuchs again asked for some identification. This time Webb produced a handful of change. Fuchs then asked Webb if he would take some tests, to which Webb mumbled that "it didn't matter."

At Fuchs' direction, he and Webb went to the area behind the pickup to do sobriety tests. As they walked, Webb steadied himself on the truck. When they got to the back of the pickup, Fuchs once again asked Webb for some identification. Webb produced some more change. The second officer then asked Webb if he had some identification in his wallet. Webb produced his wallet, and pulled out a twenty-dollar bill. Fuchs told Webb that the officers needed his identification, not his money. After the officers coaxed him awhile, Webb produced a driver's license.

Fuchs then ran a records check and was informed that Webb had "several priors." Webb was unable to perform field sobriety tests and was then arrested for driving while under the influence.

Webb moved to suppress all evidence arising from his arrest. The district court concluded that, "[u]nder the totality of the circumstances, the evidence offered is insufficient to show that defendant had committed any crime at the time of his warrantless arrest" and granted the motion.

■ Law enforcement officers are charged with the responsibility of enforcing the state's criminal laws and protecting the health and safety of the public. When Deputy Fuchs first arrived, he saw a man sitting behind the wheel of a running vehicle with his head slumped over. The vehicle was parked in an isolated area on a snowy night. Under those circumstances, it was reasonable for the officer to investigate further to see if the driver was ill and in need of help or was incapable of driving.

The case of *Matter of Clayton*, 113 Idaho 817, 748 P.2d 401 (1988), presented an almost identical factual picture. The Supreme Court found that an officer's actions in investigating a situation where there was a driver slumped forward in a vehicle with its motor running was consistent with a police officer's caretaking responsibilities. The Supreme Court held that even if there were a seizure when the keys to the vehicle were removed it was reasonable under the circumstances. A similar scenario was set forth in *Matter of Vogt*, 117 Idaho 545, 789 P.2d 1136 (1990). Deputy Fuchs' actions in investigating the situation which he found when he arrived was justified based upon the facts in the record.

■ The question, then, is whether this investigation yielded the probable cause necessary to support an arrest. The district court's findings of fact made upon substantial evidence are entitled to deference. However, *de novo* review is exercised over the question of whether the facts as found are sufficient to constitute probable cause. In determining whether probable cause existed, the inquiry turns on whether the officer possessed facts which would lead a person of ordinary prudence to entertain an honest belief that the suspect has committed a crime. The officer is entitled to draw reasonable inferences from the facts in his possession, and may base those inferences upon his training and experience as a law enforcement officer. *State v. Montague*, 114 Idaho 319,

**102**

321, 756 P.2d 1083, 1085 (Ct.App.1988). The standards for probable cause are not legal technicalities, but instead are the factual and practical considerations of everyday life upon which reasonable and prudent people act. Probable cause deals with the probable consequences of all of the facts considered as a whole. The determination of probable cause does not require certainty of guilt, but rather the probability that the suspect has committed the offense. *State v. Rubio,* 115 Idaho 873, 875, 771 P.2d 537, 539 (Ct.App.1989) (review denied).

In this case, the officer possessed a number of facts which warranted the legitimate inference that an offense had been committed. Webb's car was parked a short distance from a highway in a remote area with the engine running. Webb, the sole occupant, was slumped behind the wheel. The hour, the unusual difficulty in arousing him, his prolonged confusion, his nonsensical responses to the officers' instructions and his inability to perform sobriety tests would warrant the conclusion of a reasonable and prudent person with the officer's experience that Webb was driving while intoxicated. The facts as a whole justified Webb's arrest. It was reasonable to conclude that probable cause existed to believe that Webb had committed the offense of driving while intoxicated under the facts of this case. The evidence was sufficient to warrant an arrest. Because the officers had probable cause to arrest Webb, the motion to suppress should not have been granted. The order of the district court is reversed and the case is remanded for further proceedings.

WALTERS, C.J., and BURNETT, J., concur.