834 P.2d 906

STATE of Idaho, Plaintiff–Respondent,

v.

Keith A. QUIMBY, Defendant–Appellant.

No. 19298.

Court of Appeals of Idaho.

July 7, 1992.

Petition for Review Denied Aug. 26, 1992.

Dan J. Rude, Coeur d'Alene, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Thomas P. Watkins, Deputy Atty. Gen., Boise, for plaintiff-respondent. Thomas P. Watkins argued.

SILAK, Judge.

Keith Quimby entered a conditional plea of guilty to the charge of possession of cocaine, but reserved the right to appeal from the district court's denial of his motion to suppress the cocaine as evidence. Quimby contends that the police did not have probable cause to arrest him for obstructing an officer. He also argues that the Idaho statute which prohibits disturbing the peace is unconstitutional because it is overbroad and because it prohibits speech which is protected by the First Amendment. We affirm the order denying Quimby's motion to suppress on the basis that there was probable cause to arrest him for obstructing a police officer. For this reason, we decline to reach the issue whether I.C. § 18–6409, the Idaho statute prohibiting a disturbance of the peace, is unconstitutionally overbroad as applied to the facts of this case.

The relevant facts are as follows. During a street dance in St. Maries, the police were called to break up a fight which was taking place in front of a bar. While the police were trying to break up the fight, one of the persons involved, Darren Quimby, pushed a police officer against a wall and "took a swing at him." The police were in the process of arresting Darren when his brother, Keith Quimby, who is the defendant in the present case, began interfering in his brother's arrest.

Quimby claims that he was only trying to find out why his brother was being arrested; however, the officers who were present testified that Quimby was making it extremely difficult to do their job. At a hearing held on January 25, 1991, on the motion to suppress, Deputy Sheriff Raymond Swanson testified that Quimby followed police Officer David Hasz and him as they attempted to move through the crowd with Quimby's brother. Though Quimby never actually touched the officers, he failed to maintain a reasonable distance; Quimby was physically close enough to the officers that he could reach over their shoulders and put his hands in front of their faces. While he was making some sort of hand signal in front of their faces, Quimby kept shouting "timeout, what are you arresting him for?" His proximity and behavior were clearly intrusive.

Swanson told Quimby to "back off" and to get out of the way because the officers were trying to make an arrest. Though some people in the crowd backed away and made room for the officers to pass, Quimby did not. Swanson testified that Quimby's behavior was disruptive. Many people in the crowd had been drinking and Swanson noted that Quimby's behavior was causing other people to become excited. The crowd began closing in on the officers, shouting at them, and cursing them.

Hasz, the other officer who was helping to make the arrest, testified that Quimby placed himself in front of the officers as they were trying to make the arrest and place Darren Quimby in the patrol car. Hasz also testified that he had to shoulder Quimby out of the way because he could

not let go of the man he had arrested. After several verbal commands, Swanson pushed Quimby out of the way and told him that if he did not get away, he was going to arrest him. Quimby began to back away, but then came back at Swanson. Swanson then forced Quimby away for the second time, pushing him fifteen feet away from the patrol car. Quimby then stood on the sidewalk, grabbed his genital area, made an obscene gesture, and shouted an obscene phrase at the officers. When the police told him he was under arrest, he fled. An officer chased him, tackled him, and arrested him. Quimby was charged with disturbing the peace and obstructing a police officer. Police discovered the cocaine in Quimby's wallet after he was arrested.

■ The question before us is whether there was probable cause to place Quimby under arrest for obstructing a police officer. A peace officer may make a warrantless arrest when a person has committed a public offense in the presence of the peace officer. I.C. § 19–603(1). Reasonable or probable cause for an arrest exists where the officer possesses information that would lead a person of ordinary care and prudence to believe or entertain an honest and strong suspicion that the person arrested is guilty. *State v. Kysar*, 116 Idaho 992, 993, 783 P.2d 859, 860 (1989); *State v. Loyd*, 92 Idaho 20, 23, 435 P.2d 797, 800 (1967).

■ On suppression questions, our review of probable cause determinations is bifurcated. We defer to the lower court's findings of fact when supported by substantial evidence. However, we exercise *de novo* review over the question whether the facts as found are sufficient to constitute probable cause. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct.App.1988); *State v. Webb*, 118 Idaho 99, 101, 794 P.2d 1155, 1157 (Ct.App.1990); *see, e.g., United States v. Greene*, 783 F.2d 1364 (9th Cir.1986), *cert. denied*, 476 U.S. 1185, 106 S.Ct. 2923, 91 L.Ed.2d 551 (1986). Probable cause deals with the probable consequences of all of the facts considered as a whole. The determination of probable cause does not require certainty of guilt, but rather the probability that the suspect has committed the offense. *Webb*, 118 at 102, 794 P.2d at 1158.

■ Idaho Code § 18–705 defines the crime of resisting and obstructing a peace officer:

> Every person who wilfully resists, delays, or obstructs any public officer, in the discharge, or attempt to discharge, of any duty of his office ... is punishable [by a fine and imprisonment].

In the present case, there is no question that the officers had probable cause to arrest Quimby for obstructing their attempt to arrest his brother. Though Quimby did not touch the officers, he placed himself in the path of the officers, forcing them to push him out of the way. Quimby ignored the officers' repeated verbal requests to move away. He placed himself unnecessarily close to the officers and made hand gestures in front of their faces. These facts are sufficient to establish probable cause for Quimby's arrest.

■ The facts are also sufficient to establish probable cause that Quimby resisted arrest. We note that the catalyst for Quimby's arrest was not merely the behavior discussed above; the officers decided to arrest Quimby after he had backed away but then made a vulgar and hostile gesture toward the officers. Even if under the First Amendment Quimby may have been entitled to voice his commentary on government officials in the coarse manner he chose, he may not resist arrest by fleeing from the police when they indicated their intent to place him under arrest. The fact that Quimby turned around and ran gave the officers an additional basis under which they had probable cause to arrest him.

Because we conclude that the officers had probable cause to arrest Quimby for obstructing and resisting an officer, we decline to reach the question whether there was probable cause to arrest Quimby for disturbing the peace. We also decline to reach the question whether I.C. § 18–6409, the statute which prohibits a disturbance of the peace, is unconstitutionally overbroad as applied to the facts of this case.

In conclusion, we hold that the officers had probable cause to arrest Quimby for a violation of I.C. § 18–705. Because the evidence was sufficient to warrant the arrest, the district court correctly denied Quimby's motion to suppress the cocaine as evidence. The order of the district court is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.