IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42466

| DAVID WAYNE BRUMMETT, | ) | 2015 Unpublished Opinion No. 537 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: June 29, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas J. Ryan, District Judge.

Summary dismissal of petition for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Deborah A. Whipple, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

David Wayne Brummett appeals from the district court's summary dismissal of his petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

A Nampa City police officer observed Brummett walking on railroad tracks, which were separated by a chain-link fence topped with barbed wire and marked with a no trespassing sign. The officer called for Brummett to come over to talk to him. Brummett, who was wearing headphones, appeared not to hear the officer at first, but after repeated efforts of yelling at Brummett, Brummett approached the officer on the other side of the fence. The officer informed Brummett that he was trespassing and instructed him to walk toward an overpass and climb over the fence. Brummett replied that he was not going to follow the officer's instruction because he

1

was not traveling in that direction. At that point, the officer advised Brummett that he was not free to leave.

After repeated requests, Brummett agreed to walk to the overpass. However, as he was doing so, Brummett stopped on the railroad tracks, put his backpack down, and put his headphones on. The officer advised Brummett to keep walking toward the overpass, but Brummett ignored him. This caused the officer to call for backup and to scale the fence to reach Brummett. As the officer climbed the fence, Brummett started running away from the officer. A train was moving at a slow pace, and Brummett climbed through the middle of two cars. The officer continued to pursue Brummett as he ran, and the train stopped in time for the officer to climb through the same location of the two railroad cars. As Brummett was running, he tripped on a curb, but then stood up and faced the officer as the officer was running toward him. The officer twice advised Brummett to get on the ground, but Brummett refused to follow the officer's instruction. The officer tackled Brummett to the ground and placed him in handcuffs.

The officer then searched Brummett and found a green leafy substance in his pants pocket and a hypodermic needle and spoon with a white crystal residue on it in his jacket pocket. After the officer advised Brummett of his *Miranda*[1] rights, Brummett told the officer that the green leafy substance was marijuana and that the white crystal substance was methamphetamine. He also told the officer that he bought the marijuana the night before and that he used the methamphetamine earlier that morning by using the hypodermic needle to inject it into his person.

The State charged Brummett with felony possession of a controlled substance, Idaho Code § 37-2732(c)(1), and four misdemeanors: possession of a controlled substance, I.C. § 37-2732(c)(3); possession of paraphernalia, I.C. § 37-2734A(1); trespassing, I.C. § 18-7008; and resisting or obstructing officers, I.C. § 18-705. The State also added a persistent violator enhancement, I.C. § 19-2514. Pursuant to a plea agreement, Brummett pled guilty to the felony charge and the misdemeanor charges and persistent violator enhancement were dismissed. The district court imposed a unified seven-year sentence with three years determinate.

Subsequently, Brummett filed a pro se Rule 35 motion, asserting that he did not know that he was trespassing at the time he was walking on the tracks. The district court denied the

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

motion and this Court affirmed Brummett's judgment of conviction and sentence on direct appeal. *State v. Brummett*, Docket No. 36034 (Ct. App. Feb. 3, 2010) (unpublished).

Thereafter, Brummett filed a petition for post-conviction relief asserting, among other things, that his counsel was ineffective for failing to file a motion to suppress because the search and seizure was illegal. The district court issued notice of its intent to summarily dismiss the petition on the basis that Brummett failed to provide admissible evidence that his counsel was ineffective for declining to file a motion to suppress based upon the claim that the officer lacked reasonable suspicion that Brummett was trespassing. Brummett objected to the court's notice, arguing that he was not trespassing because there was an opening in the fence and he did not see the no trespassing sign. The district court rejected Brummett's argument and dismissed the petition. Brummett timely appeals.

## II.

## ANALYSIS

Brummett argues the district court erred by summarily dismissing his petition for post-conviction relief. A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

3

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

A.     **Notice**

Brummett first argues the district court erred by summarily dismissing his petition on grounds not identified in its notice of intent to dismiss and without giving him the requisite twenty days' notice and opportunity to respond. If a district court determines claims alleged in a petition do not entitle the petitioner to relief, the district court must provide notice of its intent to dismiss and allow the petitioner twenty days to respond with additional facts to support his or her claims. I.C. § 19-4906(b); *Garza v. State*, 139 Idaho 533, 536, 82 P.3d 445, 448 (2003); *Crabtree v. State*, 144 Idaho 489, 494, 163 P.3d 1201, 1206 (Ct. App. 2006). The district court's notice should provide sufficient information regarding the basis for its ruling so as to enable the petitioner to supplement the petition with the necessary additional facts, if they exist. *Crabtree*, 144 Idaho at 494, 163 P.3d at 1206; *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004).

The district court provided notice of its intent to dismiss. The court noted each of Brummett's claims, including that there was a lack of probable cause to believe he was trespassing, due to the language of the Idaho Constitution and statutes. The court stated that

5

Brummett failed to support his assertion that he was not trespassing with admissible evidence. Subsequently, the district court dismissed the petition on the basis that "the arresting officer had a reasonable suspicion that [Brummett] was committing criminal activity, particularly when [Brummett] ran from police." The district court also found that the officer acted reasonably within his community caretaking function. In conclusion, the district court held that Brummett's "claim for ineffective assistance of counsel fails because there was no showing that his attorney's performance was deficient and because [he] cannot show a reasonable probability that a motion to suppress would likely have succeeded, thus counsel's failure to pursue the motion was not prejudicial to [Brummett's] case." Brummett argues that because the community caretaking reasoning was not discussed in the court's earlier notice of intent to dismiss, he was not given proper notice. However, the district court's dismissal was primarily based on the finding that the officer had reasonable suspicion that Brummett was trespassing. Brummett does not claim he received inadequate notice as to the court's reasoning that he failed to meet his evidentiary burden. Because Brummett received proper notice on this basis, we need not address his argument that the district court erred in concluding that the community caretaking exception was applicable. Notice is sufficient when the court dismisses, in part, upon the reason given in the notice. *Kelly*, 149 Idaho at 523, 236 P.3d at 1283. The court simply expanded upon how Brummett failed to meet his evidentiary burden. Therefore, Brummett was provided the requisite notice.

## B.     Ineffective Assistance of Counsel

Brummett also challenges the district court's determination that he failed to establish that his attorney's failure to file a motion to suppress amounted to deficient performance or resulted in prejudice. A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the

6

petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted ineffective assistance. *Lint v. State*, 145 Idaho 472, 477, 180 P.3d 511, 516 (Ct. App. 2008). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. *Id.* at 477-78, 180 P.3d at 516-17. Thus, in order to determine if counsel's failure to object fell below a reasonable standard, this Court must first determine whether the motion would have been granted by the district court.

Brummett asserts that a motion to suppress would have been successful because his flight, without more, could not justify the stop, and "[t]here was no behavior that indicated any sort of criminal activity." Specifically, Brummett argues he was not trespassing because he did not see any no trespassing signs, and he was able to find an opening in the fence. However, for purposes of establishing reasonable suspicion and probable cause, whether Brummett knew he was trespassing is irrelevant. An investigative detention is permissible if it is based upon specific articulable facts which justify suspicion that the detained person is, has been, or is about to be engaged in criminal activity. *State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003). The justification for an investigative detention is evaluated upon the totality of the circumstances then known to the officer. *United States v. Cortez*, 449 U.S. 411, 418 (1981); *State v. Rawlings*, 121 Idaho 930, 932, 829 P.2d 520, 522 (1992). The information available to the detaining officers must show a "particularized and objective basis for suspecting the particular person stopped of criminal activity." *Cortez*, 449 U.S. at 417-18. *See also Florida v. Royer*, 460 U.S. 491, 498 (1983); *State v. Salato*, 137 Idaho 260, 264, 47 P.3d 763, 767 (Ct. App. 2001). Thus, reasonable suspicion and probable cause is dependent upon the information

7

possessed by the officer, not the information possessed by the defendant. *See Sheldon*, 139 Idaho at 983, 88 P.3d at 1223.

At the time the officer seized Brummett, the officer had reasonable suspicion that Brummett was trespassing and that he had committed the crime of resisting and obstructing an officer. First, the officer testified that he observed Brummett walking on railroad tracks that were protected by a chain link, barbed wire fence that was labeled no trespassing. Thus, the officer had ample basis to reasonably believe that Brummett was trespassing. Furthermore, Brummett repeatedly ignored the officer's instructions to approach the officer and to walk to the overpass where he could climb the fence and then proceeded to run from the officer when the officer climbed the fence. Therefore, the officer reasonably believed that Brummett willfully resisted, delayed, and obstructed him in the attempted discharge of his duty. *See State v. Quimby*, 122 Idaho 389, 391, 834 P.2d 906, 908 (Ct. App. 1992) (defendant's flight from police can provide additional basis for probable cause to arrest for resisting and obstructing). Contrary to Brummett's contention, the district court did not consider his flight, without more, when finding that his stop was justified. The officer had reasonable suspicion that Brummett was committing criminal activity based on the totality of the circumstances, which included trespassing, refusing to follow the officer's instruction, and fleeing from the officer. Accordingly, the district court correctly determined that the officer had reasonable suspicion that Brummett was engaged in criminal activity at the time he was seized, and probable cause to arrest for resisting and obstructing. Therefore, the subsequent search was lawful, and Brummett has failed to demonstrate that his attorney was ineffective for failing to file a motion to suppress.

## III.

## CONCLUSION

Brummett has failed to demonstrate that the district court erred in granting summary dismissal of his petition for post-conviction relief. Therefore, the district court's order dismissing Brummett's petition for post-conviction relief is affirmed.

Judge LANSING and Judge GUTIERREZ **CONCUR**.

8